**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| MANUEL GUADIAN, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLEAR LEAD SOLUTIONS GROUP, a Delaware Corporation <br><br> Defendant. | § § § § § § § § § § § § Civil Action No.: 3:25-CV-185 <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff MANUAL GUADIAN, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant CLEAR LEAD SOLUTIONS GROUP ("Clear Lead") to stop their illegal practice of sending unsolicited robocalls to the telephones of consumers and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

1.  Defendant Clear Lead is a consulting service provider that utilizes mass telephone marketing to promote its services to potential customers for it's clients.

2.  Defendant did not obtain consent prior to sending these unsolicited, prerecorded calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.  Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4.  The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers]

1

. . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id.* § 227(c)(3).

6. By sending these robocalls to people who have registered their phone numbers on the national do-not call database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Manual Guadian is a natural person residing in El Paso, Texas.

9. Defendant Clear Lead is a corporation organized and existing under the laws of Delaware, and can be served via its registered agent Legalcorp Solutions, LLC at 1221 College Park Dr., Suite 116 Dover De, 19904.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has general personal jurisdiction over Defendant because Defendant is calling Texas Residents with Texas area-coded, spoofed telephone numbers. Moreover, the Defendant sent its illegal telemarketing calls to a telephone number in this District.

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the state law claims under the Texas Business and Commerce Code form part of the same case or controversy as Plaintiff's claims under the TCPA.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District as did a substantial part of the events giving rise to the claims alleged herein.

**FACTUAL ALLEGATIONS**

14. Plaintiff's telephone number 5579 is a residential number and is registered to a cellular telephone service.

15. Plaintiff's telephone number is not used for commercial purposes.

16. Plaintiff uses telephone number for personal calls.

17. Plaintiff registered his telephone number on the National Do-Not-Call Registry on January 3, 2023, which was more than 31 days prior to receiving the alleged calls in this complaint.

18. Plaintiff has never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry.

19. Plaintiff was on said registry at all times relevant to this Complaint.

20. Defendant has generated substantial profits by violating the TCPA with its illegal telemarketing.

21. In the instant case, Defendant is responsible for unauthorized solicitation phone calls made to Plaintiff's phone number.

22. Defendant on behalf of its clients were soliciting debt relief services for third-party debt-relief companies.

23. Defendant's nationwide telemarketing campaign has reached hundreds if not thousands of more residential telephone numbers like Plaintiff.

24. Defendant is operating their calling campaign without checking or "scrubbing" numbers against the National Do Not Call Registry as required by the FCC.

3

25. Within a thirty-day period, Plaintiff received at least five (5) unsolicited artificial or prerecorded voice messages to his telephone number from the Defendant.

26. Each of the voice messages was left on Plaintiff's voicemail system.

27. Plaintiff believes that they were left using "ringless" technology as to not afford Plaintiff an opportunity to actually answer the call

28. Plaintiff herein identifies the dates and times and caller ID's of the calls:

| Date | Time | Caller ID |
|---|---|---|
| February 28, 2025 | 11:50AM | 915 208-4683 |
| February 28, 2025 | 12:03PM | 915 200-1353 |
| February 28, 2025 | 12:27PM | 915 875-1672 |
| March 5, 2025 | 9:55AM | 915 348-6860 |
| March 6, 2025 | 1:31PM | 915 285-6206 |

29. All the identified calls had the same exact artificial or prerecorded voice.

30. Said voice stated:



Transcription
"Hello this is Amy with total relief services this is our final attempt to reach you regarding a $36,000 emergency relief fund this one can be used for various purposes including personal needs paying off balances or covering unexpected expenses in light of rising inflation and increasing costs we're offering no credit checks and same-day approval however the enrollment period ends today if you wish to apply for this emergency relief call us at 509-645-2994 to be removed call back the same number it is crucial to take action when you receive this message my name is Amy and I hope we could talk soon..."

Hello this is Amy with total relief services this is our final attempt to reach you…

31.     Plaintiff does not know a "Amy" and has never spoken with an "Amy" as mentioned in the voicemail.

32.     The artificial or prerecorded voice in the calls does not identify Defendant Clear Lead.

33.     Defendant used the same exact sales pitch on each of the calls advising Plaintiff if he wished to apply for an emergency relief fund.

34.     The call was prerecorded because they were all identical, sent using ringless voicemail drop technology, and generic without any personalization to Plaintiff.

35.     Out of frustration from the continued harassment, Plaintiff called the call back number: 509-645-2994 that was left in the prerecorded voicemails.

36.     Plaintiff called the number on March 6, 2025, in order to identify the true caller source.

37.     Plaintiff was connected to an agent who identified herself as "Amy Franco" with "Clear Solutions".

38.     Amy advised Plaintiff that they had a program to assist with eliminating credit card debt, personal loan, medical bills or repossessions.

39.     Plaintiff at no point in time during the 2024-2025 year applied for and/or requested information for any type of loan relief prior to his call with "Amy".

40.     While on the call, Plaintiff was asked a series of qualifying questions that included his monthly income, monthly expenses, address, and date of birth.

41.     Amy pulled a soft credit check on Plaintiff's credit report to verify Plaintiff's debt.

42. Plaintiff then received an email from Amy.f@clearsolution.ai that contained a "clixsign" validation program enrollment packet from Defendant.



43. This packet and email identified Defendant.

44. Plaintiff also received a text message from 833-359-6414 from Amy with her credentials that identified Defendant.



45. Plaintiff had no knowledge as to the identity of Defendant prior to receiving the calls.

46. The calls made to Plaintiff were nonconsensual encounters that were not made for emergency purposes.

47. The calls were made to encourage Defendant's services.

48. Defendant does not have a valid registration for solicitation pursuant to Texas Business and Commerce Code Section 302.101.

49. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain any of the Defendant's registration as of the date of this filing.

50. The Defendant is not registered to telephone solicit in Texas pursuant to § 302.101 of the Texas Business & Commerce Code.

51. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

52. Plaintiff did not give his prior express written consent to receive any of the alleged calls.

53. None of the alleged calls were made to Plaintiff for emergency purposes.

54. The calls were made to Plaintiff to solicit Plaintiff for Defendant's benefit.

55. Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

56. Defendant does not train employees who engaged in telemarketing on the existence.

57. Plaintiff was harmed by the calls.

58. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and her privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

59. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS**

60. Plaintiff realleges and incorporates the foregoing paragraphs herein as if set forth here in full.

61. The calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

62. The calls harmed Plaintiff by trespassing upon and interfering with her rights and interests in her cellular telephone.

63. The calls harmed Plaintiff by intruding upon his seclusion.

8

64.     Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

## BASIS FOR LIABILITY

65.     Plaintiff realleges and incorporates the foregoing paragraphs as if set forth here in full.

66.     Defendant authorized and directed illegal telemarketing practices to generate business.

67.     Accordingly, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

68.     In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. Id. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

69.     More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

70.     John/Jane Doe solicited Plaintiff on behalf of Defendant Clear Lead. Accordingly, John/Jane Doe had Clear Lead's actual authority to solicit Plaintiff through illegal telemarketing calls.

9

## CLASS ALLEGATIONS

71. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

    **Artificial Class.** All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more call on their cellular telephone or any other protected telephone service (3) from or on behalf of Clear Lead, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

    **DNC Sub Class.** All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more call on their cellular telephone or any other protected telephone service (3) from or on behalf of Clear Lead, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff while being registered on the National Do Not Call List for more than 31 days.

    **Texas Business and Commerce Code Sub-Class.** All persons in Texas who, (1) within four years prior to commencement of litigation until the class is certified (2) received one or more solicitation call (3) from or on behalf of Clear Lead.

72. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

73. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

74. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

75. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

76. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

77. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

11

    a. Whether the unsolicited artificial calls were caused by Defendant;

    b. Whether the unsolicited artificial calls promoted Defendant's products or services;

    c. Whether Defendant obtained written express consent prior to sending the unsolicited call;

    d. Whether Defendant was registered to telephone solicit Texas residents;

    e. Whether Defendant qualified for an exemption from the telephone solicitation registration requirement;

    f. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

78. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from the Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION:
### Violation of 47 U.S.C. § 227(b)
### Artificial or Prerecorded Voice (On behalf of Plaintiff and all Classes)

79. Plaintiff realleges paragraphs one through seventy-eight and incorporates them herein as if set forth here in full.

80. Defendant placed telephone calls to Plaintiff's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

81. The calls were made for the express purpose of soliciting customers for Defendant's goods and services.

82. The calls played an artificial or prerecorded voice to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

83. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

84. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

85. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. §227(b)(3)(C).

## SECOND CAUSE OF ACTION:
### Violation of 47 U.S.C. § 227(c)
### Do Not Call (On Behalf of Plaintiff and the Artificial and DNC Subclass)

86. Plaintiff realleges paragraphs one through eighty-five and incorporates them herein as if set forth here in full.

13

87. The telephone number of Plaintiff and members of the respective classes are registered on the National Do Not Call Registry

88. Defendant and/or their agents placed unsolicited phone calls to these DNC registered telephone numbers without having his prior express written consent to do so.

89. Defendants' actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

90. Defendant's solicitating phone calls were made for the commercial purpose of selling debt relief services for third-party companies.

91. As a result of their unlawful conduct, Defendant repeatedly invaded Plaintiff and members of the classes' personal privacy, causing them to suffer damages.

92. Plaintiff and members of the class are entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

93. Plaintiff also seeks a permanent injunction prohibiting Defendants from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry

### THIRD CAUSE OF ACTION:
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**On behalf of Plaintiff and the Texas Subclass**

94. Plaintiff realleges paragraphs one through ninety-three and incorporates them herein as if set forth here in full.

95. Defendant's illegal solicitation sales calls to Plaintiff and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

14

96. The actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls through Jane/John Doe to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

97. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

98. As a result of the Defendant's violations of Texas Business and Commerce Code § 302.101, Plaintiff and members of the Class may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

99. As a result of the Defendant's violations of §302.101, Plaintiff and members of the class seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order declaring that the Defendant's actions, as set out above, violate 227(b) of the TCPA;

B. An order declaring that the Defendant's actions, as set out above, violate 227(b) willfully and knowingly;

C. An award of $500.00 per call in statutory damages arising from the TCPA §227(b) for each violation;

D. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

E.  An order declaring that the Defendants' actions, as set out above, violate 227(c) of the TCPA;

F.  An order declaring that the Defendants' actions, as set out above, violate 227(c) willfully and knowingly;

G.  An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each violation;

H.  An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

I.  An order declaring that the Defendants' actions, as set out above, violate Texas Business and Commerce Code 302.101;

J.  An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

K.  An injunction requiring the Defendants to cease sending all unlawful calls;

L.  An award of damages, as allowed by law under the TCPA and Texas state law;

M.  An award of interest, costs, and attorneys' fees, as allowed by law and equity.

N.  Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 16, 2025                                          Respectfully Submitted,

The Darwich Law Firm, LLC
    /Omar F. Darwich/
Omar F. Darwich
Tx Bar No. 24124686
6090 Surety Dr., #305
El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

*Attorney for Plaintiff*